No.. 38.—WILLIAM B. POYTHRESS, plaintiff in error, *vs.* RUS-SELL K. POYTHRESS, defendant in error.

[1.] Where, pending a proceeding in Chancery for the removal of a testamentary trustee, application is made for the appointment of a receiver, a strong case must be made by the complainant before the Court will interfere.

[2.] It is not enough to allege that the habits of the trustee are bad, and that his conduct toward his *cestui que trust* is capricious. It must appear that there is good reason to fear that the trust property will not be forthcoming, to answer the decree in the premises, at the end of the litigation.

In Equity in Troup Superior Court. Motion to appoint receiver. Decided by Judge WARNER, at Chambers, June 3d, 1854.

In April, 1854, Joseph Poythress of Troup County departed

this life, possessed of a large estate, leaving a will, and thereby appointing the defendant in error his executor, who qualified, and proceeded to execute the said will. Item 4th of said will is, in part, as follows: "That portion of property falling to my son William, is to be received and managed by his brother, Russell K. Poythress, as trustee for William."

The bill charged, "that the executor, Russell K. Poythress, had proceeded to distribute said estate among the legatees, under the will; that he had taken possession and control of the legacy bequeathed to complainant; that he denies to complainant the right of disposing of the same, and refuses to permit him to invest it in any manner whatever; that he refuses to complainant both the profits and the possession of the estate, although there is no duty to perform which requires that said Russell K. should retain the possession of the same; that he refuses to account with complainant concerning either the profits or the increase, but appropriates the same to his own use.

The bill further charges, that complainant believes and fears that his estate is in danger of being wasted, if it longer remain in possession of the said Russell K. as executor, trustee or any other capacity; that he, the said Russell K. is a man of the most unreasonable whims and caprices—of litigous disposition —instead of avoiding law-suits, disregards them and often makes threats and expresses a willingness to spend money in that way; and that his nature and habits are both such as to render his possession of property very unsafe.

The bill further charges, by amendment, "that the said Russell K. is in the daily habit of gaming and playing and betting at billiards, pool and other games, and visits retail groceries and gaming resorts, night and day, and loses a great deal of money in that way; that he is engaged in no profession or lawful avocation of industry; that he threatens and boasts that he intends to hold on to the property, to spite the family, and especially their mother, who, he conceives, is willing that the property should be taken out of his hands; that a portion of said estate has already been used in the games and litigation

aforesaid, and that if the same shall be permitted to remain in the hands of the said Russell K. it will be squandered.   That complainant is physically disabled, and would, in that event, have no means of support ; that the said Russell has threatened to give notice that complainant shall not be credited and that he shall not be permitted to purchase such things as he really needs and deserves to have.

The bill further states, that a part of his estate consists of family negroes, and that he is desirous of settling them on a plantation, where he can superintend them in person ; that he wishes to engage in an agricultural life—the same being suitable to his interest and feelings, but that the said Russell K. refuses to permit complainant to have any control or gratify any wish in relation to the possession or profits of the property; that the said trust is no longer executory ; the only duty left for the said trustee to perform, being to convey the legal title to complainant.

The bill prayed that the said Russell K. be decreed to account with and pay over to complainant his legacy, under the will, being one-fourth part of the estate of the said Joseph Poythress ; and in the meantime, the Court appoint a receiver to take charge of said estate, subject to the order of said Court."

In answer to a rule *ni si*, the defendant showed, for cause why said rule should not be made absolute, and a receiver appointed pursuant to the prayer of the bill—

1st. Because complainant has not showed, upon the face of his bill, any ground for the appointment of a receiver.

2d. Because he does not show any specific acts of mismanagement or of danger to the estate in future, as call for the exercise of this power of Chancery jurisdiction.

3d. Because such appointment rests in the sound discretion of the Court, which this defendant insists cannot be judiciously exercised, without permitting the defendant to answer complainant's bill, as far as respects the facts alleged as a reason for such appointment, or some additional evidence to complainant's affidavit to the truth of such facts be submitted by complainant.

4th. Because the trust reposed in this defendant is special, continuing and executory, and this defendant insists that he ought not be compelled to relinquish the same summarily and unheard, unless upon a case of palpable necessity, which case is not made by the bill of complainant.

5th. Because the bill seeks to abolish and annul an executory trust, complainant having the equitable interest only—or, if not to destroy the legal estate, at least to leave it without representation, and thereby to defeat the intention of the testator."

After argument had on the rule and answer, the Court discharged the rule, and refused to appoint a receiver, and Counsel for complainant excepted.

B. H. HILL, for plaintiff in error.

E. Y. HILL, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The only question in this case is, not whether another trustee should be substituted in the place of the one designated by the will, but whether, from the case made by the bill, a receiver should be appointed *ad interim ?*

The only ground upon which this could be done, is, that the trust estate is likely to be wasted before the termination of the litigation ; so that ultimate injury will accrue to the complainant. He, himself, does not, and we apprehend would not, swear that he fears any such result.

[2.] Whether or not Russell K. Poythress is a suitable person to execute the trust devolved upon him by the will of his deceased father, has nothing to do with the interlocutory issue, respecting the appointment of a receiver. The habits of the trustee—his treatment of the *cestui que trust,* will all be proper matters of inquiry and proof, upon the final trial of the bill. I repeat, the only question now is, is the trust fund likely to

be squandered, during the short time that may intervene before the hearing, so as not to be accessible, to answer the decree which may be rendered in the premises? Considering the personal responsibility of the trustee, is such a result likely to occur?

It is not alleged that he has gambled off any negro or note belonging to William B. Poythress, *nor even one of his own.* And the Court below adjudged, that the fact that the defendant played cards and billiards, and frequented the grog-shops, was not, of itself, sufficient to justify the exercise of the extraordinary power invoked on this occasion. And however reprehensible such habits and practices may be, we cannot say that this was such a flagrant abuse of the Judge's discretion, as to demand the intervention of this Court.